W. F. GRUBBS v. CHARLES STEVENSON.

*Trial—Evidence—Impeaching Testimony.*

In the trial of a material issue it was not competent to show by the plaintiff, on cross-examination, that at a previous trial the same issue had been found against him, for such fact could not impeach the witness nor throw light upon the pending issue, which depended upon the facts as testified to on the trial and not on what opinion the former jury had of the matter.

CIVIL ACTION, tried at August Term, 1893, of NORTH-AMPTON Superior Court, before *Bryan*, J., and a jury, in which the main issue was whether the relation of landlord and tenant existed between the parties.

The plaintiff, after testifying that he had rented the land to the defendant and had made advances which he sought

by the action to collect, was asked whether on a former trial of the action the question whether he was landlord of the defendant had not been found against him, to which, after the overruling of his objection, he answered "Yes."

There was a verdict for the defendant, and from the judgment thereon plaintiff appealed.

*Mr. R. B. Peebles,* for plaintiff (appellant).
*Mr. W. H. Day,* for defendant.

CLARK, J.: The defendant asked the plaintiff, who was a witness in his own behalf, "if the question whether he was landlord of the defendant was not before tried in this action and found against the plaintiff," stating that the purpose of the question was to impeach the witness. The question was admitted over the plaintiff's objection. The witness answered yes. The plaintiff excepted. We fail to see how the fact that another jury in trying the case had found this fact against the plaintiff could impeach him. Still less was it competent to throw light upon the question at issue whether the relation between the plaintiff and defendant had been that of landlord and tenant. That depended upon what was the agreement between the parties, and not upon the opinion which a jury in a former trial had formed in regard to it. It may be that if the witness had answered no, the error would have been harmless and disregarded on that account. But he answered yes. This was to throw into the jury-box the weight of the opinion of a former jury upon the matter in issue, and was calculated to prejudice the plaintiff.                               Error.